[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Local 1042, Council 4, AFSCME, AFL-CIO is an employee organization (Union) under the Municipal Employees Relations Act (MERA, § 7-467, et seq.); which represents custodial and maintenance employees of the Norwalk Board of Education (Norwalk), for purposes of collective bargaining.
On November 8, 1994 the Union complained to the Connecticut State Board of Labor Relations (CSBLR) that Norwalk engaged in practices prohibited by § 7-470 of MERA by assigning the Director of Facilities to be the management representative at steps one and two of the grievance procedure. The Union asserted that the assignment unilaterally changed the grievance procedure and was not negotiated.
The complaint was heard by the CSBLR on January 29, 1997. The Union and Norwalk appeared through counsel, presented evidence and argument. Briefs were submitted by both parties by May 2, 1997. The CSBLR decided the case and dismissed the Union's complaint on September 23, 1997.
The Union on November 5, 1997 filed this appeal pursuant to the Uniform Administrative Procedure Act (UAPA) § 4-166, et seq., § 4-183. The record was filed on January 20, 1998. Briefs were filed by the Union on March 27, 1998, Norwalk on April 23, 1998 and the CSBLR on May 18, 1998. The parties were CT Page 13906 heard in oral argument on November 18, 1998. The Union raises the issue on appeal that the CSBLR abused its discretion in finding that the grievance procedure had not been unilaterally changed. The court finds the issue for the defendants.
The facts as found by the CSBLR are supported by substantial evidence in the record.
 4. Article IX — Grievance Procedure of the existing collective bargaining agreement sets forth a five step grievance procedure. Steps One and Two of the grievance procedure state as follows:
 Step 1: The employee, with or without the Union steward, shall take up the grievance or dispute with the Custodial or Maintenance Supervisor within ten (10) days of the grievance or the employee's knowledge of its occurrence. The Supervisor shall attempt to adjust the matter and shall respond to the employee within three (3) working days.
 Step 2: If the grievance has not been settled, it shall be presented in writing by the employee or local Union official to the Superintendent of Schools' designee within three (3) working days of the supervisor's response. The designee shall respond in writing to the employee or union president within three (3) working days.
 5. By memo dated May 18, 1993, Union President, John Mosby, requested that Superintendent of Schools, Ralph Sloan remove Mark Gorian, Manager of Facilities, and Michael Muro, Assistant Superintendent, from the grievance procedure. (Ex. 5)
 6. By letter dated June 2, 1993, Sloan responded to Mosby, in relevant part, as follows:
 "I cannot approve your request to remove Mr. Gorian and Dr. Muro from the grievance procedure. They are the administrators CT Page 13907 directly responsible for maintenance and custodial issues and must be involved in solving all related problems. The administration of the Norwalk Public Schools intends to follow the grievance procedure exactly as it appears in the contract.
 Regarding step 1, the Custodial or Maintenance Supervisor have the responsibility for hearing the grievance. Mr. Reaves will handle custodial grievances and Mr. Klepacky will handle maintenance grievances. Given Mr. Klepacky's long term absence, maintenance grievances should go directly to Mr. Gorian.
 Regarding step 2, the contract calls for the "Superintendent of Schools designees" to hear the grievance. My designee at step 2 is Mr. Mark Gorian."
 7. At sometime subsequent to June, 1993, Mr. Reaves, Custodial Supervisor, left the Board of Education's employ, and was not replaced.
 8. Mr. Klepacky, Maintenance Supervisor, returned to work at sometime after June, 1993.
 9. Mr. Gorian, the immediate supervisor of the custodial and maintenance supervisors, has remained management's representative at Step one and Step two, at all times material.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes CT Page 13908 § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review then standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
The Union at the hearing before the CSBLR and before this court failed to identify any specific prejudice to the Union by Mr. Gorian's acting for management at steps one and two. The custodians no longer had a Custodial Supervisor and the Maintenance Supervisor had health issues which had made him unavailable.
The Union offers no authority for its claim that any unilateral deviation from the collective bargaining agreement, however insubstantial its impact, will constitute a prohibited practice.
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.